1  E. MARTIN ESTRADA
   United States Attorney
2  CAMERON SCHROEDER
   Assistant United States Attorney
3  Chief, National Security Division
   ANNAMARTINE SALICK (Cal. Bar No. 309254)
4  CHRISTINE M. RO (Cal. Bar No. 285401)
   KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
5  SARAH E. GERDES (Cal. Bar No. 306015)
   Assistant United States Attorneys
6  Terrorism and Export Crimes Section
        1500 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-4496
        Facsimile: (213) 894-2927
9       E-mail:   christine.ro@usdoj.gov

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

11                UNITED STATES DISTRICT COURT

12             FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,          No. 23-CR-372-RGK

14          Plaintiff,                GOVERNMENT'S 18 U.S.C. App. 3, § 2
                                      NOTICE AND REQUEST TO DESIGNATE A
15              v.                    CLASSIFIED INFORMATION SECURITY
                                      OFFICER; MEMORANDUM OF POINTS AND
16 WENHENG ZHAO,                      AUTHORITIES

17   aka "Thomas Zhao,"              PROPOSED ORDER FILED SEPARATELY

18          Defendant.

19

20

21       Plaintiff United States of America, by and through its counsel

22 of record, the United States Attorney for the Central District of

23 California and Assistant United States Attorneys Annamartine Salick,

24 Christine M. Ro, Kathrynne N. Seiden, and Sarah E. Gerdes, hereby

25 notifies the Court that the United States will invoke the Classified

26 Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, in this case.

27 The United States provides this notice pursuant to 18 U.S.C. App. 3,

28 § 2, and submits the following memorandum of law summarizing the

procedures mandated by CIPA for protecting classified information and

further requests that the Court enter an order appointing a

Classified Information Security Officer.


 Dated: August 14, 2023          Respectfully submitted,

                                 E. MARTIN ESTRADA
                                 United States Attorney

                                 CAMERON SCHROEDER
                                 Assistant United States Attorney
                                 Chief, National Security Division


                                 _____/s/_____

                                 ANNAMARTINE SALICK
                                 CHRISTINE M. RO
                                 KATHRYNNE N. SEIDEN
                                 SARAH E. GERDES
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

I.   INTRODUCTION..................................................1

II.  CIPA PROCEDURAL FRAMEWORK.....................................1

     A.   Section 1 - Definitions..................................2

     B.   The Executive Branch Decides Whether to Disclose
          Classified Information...................................3

     C.   Section 2 - Pretrial Conference..........................6

     D.   Section 3 - Protective Orders............................6

     E.   Section 4 - Protection of Classified Information
          During Discovery.........................................7

     F.   Section 5 - Procedures for Cases Involving Classified
          Information Possessed by a Defendant....................11

     G.   Section 6 - Pretrial Procedures Regarding the
          Admission of Classified Information.....................12

          1.   Section 6(a) and (b) - Pretrial Hearing on
               Disclosure and Notice..............................13

          2.   Section 6(c) and (d) - Alternative Procedure for
               Disclosure of Classified Information...............15

          3.   Section 6(e) - Prohibition on Disclosure and
               Relief for Defense.................................16

          4.   Section 6(f) - Reciprocity.........................17

     H.   Section 7 - CIPA's Interlocutory Appeal Framework.......17

     I.   Section 8 - Procedures Governing the Introduction of
          Classified Information at Pretrial Proceedings or
          Trial...................................................18

     J.   Section 9 - Security Procedures and Designation of a
          CISO....................................................19

III. CONCLUSION...................................................19

**TABLE OF AUTHORITIES**

**AUTHORITY**                                                              **PAGE(S)**

<u>Cases</u>

<u>C.I.A. v. Sims,</u>
471 U.S. 159 (1985) ................................................. 2

<u>Dep't of the Navy v. Egan,</u>
484 U.S. 518 (1988)............................................... 3, 4

<u>Roviaro v. United States,</u>
  353 U.S. 53 (1957) ............................................... 9

<u>United States v. Abu Ali,</u>
  528 F.3d 210 (4th Cir. 2008) ................................. 8, 15

<u>United States v. Abu-Jihaad,</u>
  630 F.3d 102 (2d Cir. 2010) .................................... 10

<u>United States v. Amawi,</u>
  695 F.3d 457 (6th Cir. 2012) ................................. 9, 10

<u>United States v. Aref,</u>
  533 F.3d 72 (2d Cir. 2008) ................................... 9, 10

<u>United States v. Asgari,</u>
  940 F.3d 188 (6th Cir. 2019) ................................. 9, 10

<u>United States v. Badia,</u>
  827 F.2d 1458 (11th Cir. 1987) ................................. 12

<u>United States v. Baptista-Rodriguez,</u>
  17 F.3d 1354 (11th Cir. 1994) ............................ 8, 11, 13

<u>United States v. Collins,</u>
  720 F.2d 1195 (11th Cir. 1983) ........................... 11, 12, 13

<u>United States v. Daoud,</u>
  755 F.3d 479 (7th Cir. 2014) ................................. 4, 5

ii

United States v. Dumeisi,
  424 F.3d 566 (7th Cir. 2005) .................................... 2, 7
United States v. El-Mezain,
  664 F.3d 467 (5th Cir. 2011) ...................................... 5
United States v. Giffen,
  473 F.3d 30 (2d Cir. 2006) ....................................... 15
United States v. Hanna,
  661 F.3d 271 (6th Cir. 2011) ................................. 10, 11
United States v. Johnson,
  139 F.3d 1359 (11th Cir. 1998) .................................... 7
United States v. Klimavicius-Viloria,
  144 F.3d 1249 (9th Cir. 1998) ..................................... 7
United States v. Lemonakis,
  485 F.2d 941 (D.C. Cir. 1973) ..................................... 3
United States v. Libby,
  429 F. Supp. 2d 18 (D.D.C. Apr. 5, 2006) .......................... 5
United States v. Mallory,
  40 F.4th 166, 174-78 (4th Cir. 2022) ............................. 15
United States v. Marzook,
  412 F. Supp. 2d 913 (N.D. Ill. 2006) .............................. 1
United States v. McVeigh,
  923 F. Supp. 1310 (D. Colo. 1996) ................................. 8
United States v. Mejia,
  448 F.3d 436 (D.C. Cir. 2006) .................................... 11
United States v. Miller,
  874 F.2d 1255 (9th Cir. 1989) .................................... 12
United States v. North,
  708 F. Supp. 399 (D.D.C. 1988) .................................... 2

United States v. O'Hara,

  301 F.3d 563 (7th Cir. 2002) ....................................... 2

United States v. Ott,

  827 F.2d 473 (9th Cir. 1987) ....................................... 5

United States v. Poindexter,

  698 F. Supp. 316 (D.D.C. 1988) ................................... 14

United States v. Rewald,

  889 F.2d ......................................................... 12

United States v. Rezaq,

  134 F.3d 1121 (D.C. Cir. 1998) ................................. 8, 9

United States v. Sarkissian,

  841 F.2d 959 (9th Cir. 1988) ............................. 2, 10, 11

United States v. Sedaghaty,

  728 F.3d 885 (9th Cir. 2013) ......................... 8, 9, 10, 11

United States v. Shih,

  --- F.4th ----, 2023 WL 4568337 (9th Cir. July 18, 2023) ...... 9, 10

United States v. Smith,

  780 F.2d 1102 (4th Cir. 1985) ............................... 14, 15

United States v. Smith,

  899 F.2d 564 (6th Cir. 1990) ...................................... 10

United States v. Varca,

  896 F.2d 900 (5th Cir. 1990) ...................................... 8

United States v. Wilson,

  750 F.2d 7 (2d Cir. 1984) ................................... 14, 15

United States v. Yunis,

  867 F.2d 617 (D.C. Cir. 1989) ......................... 8, 9, 10, 14

**<u>Statutes</u>**

<u>18 U.S.C. App. 3</u>................................................passim

18 U.S.C. § 201(b)(2)(C)................................................1

18 U.S.C. § 371................................................1

Pub L. 96-456................................................19

**<u>Rules</u>**

Federal Rule of Criminal Procedure 16(d)(1).........................9

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Wenheng Zhao, aka Thomas Zhao, ("defendant") is charged in a two-count indictment with Conspiracy to Receive a Bribe By a Public Official, in violation of 18 U.S.C. § 371, and Receiving a Bribe by a Public Official, in violation of 18 U.S.C. § 201(b)(2)(C).  (Dkt. No. 1).  Trial is scheduled to begin on September 26, 2023.

Once the parties enter into a protective order to safeguard sensitive and private information contained in discovery, the United States will provide discovery to defendant, which will include, among other things, reports of investigation, audio/video recordings, photographs, forensic images of electronic devices, and documents.

The United States anticipates that it may need to bring to the Court's attention certain discovery issues or other matters relating to classified material, and to do so, it will need to proceed under the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"). Section 2 of CIPA authorizes a party to move for a pretrial conference any time after the filing of an indictment to consider matters relating to classified information.  Although the United States is not moving for such a pretrial conference at this time, it may do so in the future and hereby requests that the Court designate a Classified Information Security Officer, as detailed below.

**II.   CIPA PROCEDURAL FRAMEWORK**

CIPA mandates several protocols for protecting all forms of classified information in criminal proceedings.  Essentially, CIPA is "a procedural tool for a court to address the relevance of classified information before it may be introduced."  United States v. Marzook,

412 F. Supp. 2d 913, 917-18 (N.D. Ill. 2006) (citing United States v. Dumeisi, 424 F.3d 566, 578 (7th Cir. 2005)); see also United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988) ("CIPA creates a pre-trial procedure for ruling upon the admissibility of classified information."). CIPA's fundamental purpose is to "protect[] and restrict[] the discovery of classified information in a way that does not impair the defendant's right to a fair trial." United States v. O'Hara, 301 F.3d 563, 569 (7th Cir. 2002).

### A.   Section 1 – Definitions

Section 1 of CIPA defines "classified information" as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." 18 U.S.C. App. 3, § 1(a). "National security," in turn, is defined as "the national defense and foreign relations of the United States." Id. at § 1(b). CIPA applies equally to classified testimony and classified documents. United States v. North, 708 F. Supp. 399, 399-400 (D.D.C. 1988).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure, noting that "[t]he Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." C.I.A. v. Sims, 471 U.S. 159, 175 (1985) (internal punctuation omitted). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the

narrowest limits compatible with the assurance that no injustice is done to the criminal defendant . . . ."  United States v. Lemonakis, 485 F.2d 941, 963 (D.C. Cir. 1973).

**B.    The Executive Branch Decides Whether to Disclose Classified Information**

The decision whether to disclose classified information to anyone is committed to the Executive Branch.  Dep't of the Navy v. Egan, 484 U.S. 518, 528-29 (1988).  In enacting CIPA, Congress made this clear by giving the government the statutory right to seek an expedited appeal from a "district court order in a criminal case authorizing the disclosure of classified information, imposing sanctions for non-disclosure of classified information, or refusing a protective order."  18 U.S.C. App. 3, § 7.  Thus, although district courts have the power to order, after conducting the appropriate analysis under CIPA, disclosure of certain information in discovery to a defendant, district courts are not authorized to disclose unilaterally any classified information to a defendant or his counsel.

Presently, the government does not anticipate relying on or introducing classified information in the prosecution of this case. Therefore, the government does not anticipate disclosing classified information to defense counsel.  Even if it did, no one has a right to a security clearance, and the decision whether to grant a security clearance to anyone, including defense counsel, is committed to the Executive Branch agencies responsible for protecting the classified information.  Egan, 484 U.S. at 528-29.  Moreover, a security clearance at a given level is insufficient by itself to entitle any individual to access or receive national security information

classified at that level.  Rather, in addition to receiving a
security clearance after a favorable determination of eligibility and
execution of a non-disclosure agreement, an individual must have a
"need to know" the classified information at issue.  <u>See</u> Exec. Order
13526 § 4.1(a)(3).  "Need to know" is defined as "a determination
within the executive branch . . . that a prospective recipient
requires access to specific classified information in order to
perform or assist in a lawful and authorized governmental function."
<u>Id.</u> § 6.1(dd).

Multiple courts have recognized the importance of establishing
the "need to know" requirement before access is provided to specific
classified information.  In <u>United States v. Daoud</u>, 755 F.3d 479,
484-85 (7th Cir. 2014), the Seventh Circuit found, in a Foreign
Intelligence Surveillance Act (FISA) matter, defense counsel's
possession of security clearances did not obviate the need for <u>ex
parte</u>, <u>in camera</u> review of classified materials by a court.  The
Seventh Circuit criticized the district court's minimization of the
national security risks posed by disclosure of classified information
to cleared counsel (<u>Id.</u> at 482), stating:

> [The district court] seems to have thought that any
> concerns about disclosure were dissolved by defense
> counsel's security clearances.  [The district court] said
> that "the government had no meaningful response to the
> argument by defense counsel that the supposed national
> security interest at stake is not implicated where defense
> counsel has the necessary security clearances" -- as if
> disclosing state secrets to cleared lawyers could not harm
> national security.  Not true.  Though it is certainly
> highly unlikely that Daoud's lawyers would, Snowden-like,
> publicize classified information in violation of federal
> law, they might in their zeal to defend their client, to
> whom they owe a duty of candid communication, or
> misremembering what is classified and what not,
> inadvertently say things that would provide clues to
> classified material.

1  <u>Id.</u> at 484.  The Seventh Circuit also explained the sound reasons why
2  possession of a security clearance does not, standing alone, permit
3  access to classified information, stating:

> It's also a mistake to think that simple possession of a
> security clearance automatically entitles its possessor to
> access to classified information that he is cleared to see.
> (The levels of classification differ; someone cleared for
> Secret information is not entitled to access to Top Secret
> information.)  There are too many leaks of classified
> information -- too much carelessness and irresponsibility
> in the handling of such information -- to allow automatic
> access to holders of the applicable security clearances. .
> . .  Like the Fifth Circuit in <u>United States v. El-Mezain</u>,
> 664 F.3d 467, 568 (5th Cir. 2011), "we are unpersuaded by
> the defendants' argument that the Government's interest [in
> confidentiality] is diminished because defense counsel
> possess security clearance to review classified material.

12  <u>Id.</u>  Other courts have held the same.  <u>See</u> <u>El-Mezain</u>, 664 F.3d at 568
13  (approving, in the context of FISA, denial of discovery to cleared
14  defense counsel due to the government's substantial interest in
15  maintaining secrecy); <u>United States v. Libby</u>, 429 F. Supp. 2d 18, 24
16  (D.D.C. Apr. 5, 2006) (fact that defendant was a former national
17  security official and his defense counsel held security clearances
18  did not entitle them to view every classified document associated
19  with the case, including classified documents submitted <u>ex parte</u> <u>in</u>
20  <u>camera</u> to the court under CIPA); <u>United States v. Ott</u>, 827 F.2d 473,
21  477 (9th Cir. 1987) (approving, in the FISA context, the government's
22  submission of classified materials for <u>ex parte</u> <u>in camera</u> review,
23  even though defendant's "attorneys all had high security clearances,"
24  because "Congress has a legitimate interest in authorizing the
25  Attorney General to invoke procedures designed to ensure that
26  sensitive security information is not unnecessarily disseminated to
27  <u>anyone</u> not involved in the surveillance operation in question,

5

whether or not she happens for unrelated reasons to enjoy security clearance.").

### C.   Section 2 - Pretrial Conference

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution."  18 U.S.C. App. 3, § 2.  After such a motion for a hearing is filed, § 2 mandates that the district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]."  Id.

No substantive issues concerning the use of classified information are to be decided in a § 2 pretrial conference.  See S. Rep. No 96-823, at 5-6 (1980), 1980 U.S.C.C.A.N. 4294, 4298-99. Moreover, to foster open discussions at the pretrial conference, § 2 provides that no admission made by the defendant or his or her attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his or her attorney.  18 U.S.C. App. 3, § 2.

Here, the government does not move for such a pretrial conference at this time, but it may do so in the future.

### D.   Section 3 – Protective Orders

Section 3 of CIPA requires the Court, upon the request of the United States, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case. . . ."  18 U.S.C. App. 3, § 2.  In addition to prohibiting such disclosure, protective orders issued

1   under CIPA generally set forth rules for all parties governing the

2   use and storage of classified information and provide for the

3   appointment of a Classified Information Security Officer ("CISO") who

4   will assist the court and the parties with the logistics and

5   processes for producing, storing, filing, and handling classified

6   information.  As noted, the United States does not anticipate

7   disclosing classified information to the defense or relying on or

8   introducing classified information against defendant in this case.

9      **E.   Section 4 - Protection of Classified Information During**
             **Discovery**

10

11      Section 4 of CIPA provides a procedural mechanism to protect

12   classified information, sources, and methods, while simultaneously

13   ensuring that the government is able to satisfy its discovery

14   obligations.  CIPA does not create any new right of discovery or

15   expand the rules governing the admissibility of evidence.  Dumeisi,

16   424 F.3d at 578 ("CIPA does not create any discovery rights for the

17   defendant."); United States v. Johnson, 139 F.3d 1359, 1365 (11th

18   Cir. 1998) ("CIPA has no substantive impact on the admissibility or

19   relevance of probative evidence.").  Rather, CIPA applies preexisting

20   general discovery law in criminal cases to classified information and

21   restricts discovery of such information to protect the government's

22   national security interests.  United States v. Klimavicius-Viloria,

23   144 F.3d 1249, 1261 (9th Cir. 1998); United States v. Baptista-

24   Rodriguez, 17 F.3d 1354, 1363-64 (11th Cir. 1994); United States v.

25   Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989).

26      CIPA thus does not, and was not intended to, "expand the

27   traditional rules of discovery under which the government is not

28   required to provide criminal defendants with information that is

7

1  neither exculpatory nor, in some way, helpful to the defense."
2  United States v. Varca, 896 F.2d 900, 905 (5th Cir. 1990) (emphasis
3  added); see United States v. McVeigh, 923 F. Supp. 1310, 1314 (D.
4  Colo. 1996) ("CIPA does not enlarge the scope of discovery or of
5  Brady"); see also United States v. Abu Ali, 528 F.3d 210, 247 (4th
6  Cir. 2008).  Nor does CIPA provide that the admissibility of
7  classified information be governed by anything other than the "well-
8  established standards set forth in the Federal Rules of Evidence."
9  Baptista-Rodriguez, 17 F.3d at 1364 (citations omitted).

10       Accordingly, pursuant to Section 4, district courts have the
11  opportunity to assess whether, and the extent to which, specified
12  items of classified information should be disclosed.  Specifically,
13  Section 4 provides that "[t]he court, upon a sufficient showing, may
14  authorize the United States to delete specified items of classified
15  information from documents to be made available to the defendant
16  through discovery under the Federal Rules of Criminal Procedure, to
17  substitute a summary of the information for such classified
18  documents, or to substitute a statement admitting the relevant facts
19  that classified information would tend to prove."  18 U.S.C. App. 3,
20  § 4; see also United States v. Sedaghaty, 728 F.3d 885, 904 (9th Cir.
21  2013); United States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998).

22       Similar to Federal Rule of Criminal Procedure 16(d)(1), which
23  gives the district court the authority to "deny, restrict, or defer
24  discovery or inspection, or grant other appropriate relief" for "good
25  cause," Section 4 of CIPA authorizes the district court "upon a
26  sufficient showing" to deny, or otherwise restrict, discovery by the
27  defendant of classified documents and information belonging to the
28  United States.  18 U.S.C. App. 3, § 4; see, e.g., United States v.

1   <u>Asgari</u>, 940 F.3d 188, 191 (6th Cir. 2019); <u>Rezaq</u>, 134 F.3d at 1142;

2   <u>Yunis</u>, 867 F.2d at 619-25.   The legislative history of CIPA makes

3   clear that Section 4 was intended to simply clarify the district

4   court's power under Rule 16(d)(1) to deny or restrict discovery in

5   order to protect national security.   <u>See</u> S. Rep. No. 96-823, at 6,

6   1980 U.S.C.C.A.N. at 4299-4300; <u>see also</u> <u>United States v. Aref</u>, 533

7   F.3d 72, 78-79 (2d Cir. 2008).

8       Thus, if the district court determines that the classified

9   information is not "relevant" or "helpful" to the defense, it is

10  within its authority to withhold disclosure of the information.

11  <u>United States v. Shih</u>, --- F.4th ----, 2023 WL 4568337, at *13 (9th

12  Cir. July 18, 2023) (quoting <u>Sedaghaty</u>, 728 F.3d at 904); <u>Asgari</u>, 940

13  F.3d at 191; <u>United States v. Amawi</u>, 695 F.3d 457, 469-70 (6th Cir.

14  2012); <u>see also</u> <u>Yunis</u>, 867 F.2d at 623 ("a defendant seeking

15  classified information . . . is entitled only to information that is

16  at least 'helpful to the defense of [the] accused.'" (quoting <u>Roviaro</u>

17  <u>v. United States</u>, 353 U.S. 53, 60-61 (1957))).

18      CIPA Section 4 also provides, similar to Rule 16(d)(1), that the

19  government may demonstrate that the use of an alternative discovery

20  procedure—such as deletion or substitution—is warranted.   CIPA

21  further specifically provides that the Government may make this

22  showing in camera and ex parte.   18 U.S.C. App. 3, § 4; <u>see</u> <u>Amawi</u>,

23  695 F.3d at 472 ("[E]very court that has considered this issue has

24  held that CIPA permits ex parte hearings."); <u>United States v. Hanna</u>,

25  661 F.3d 271, 295 (6th Cir. 2011) ("This court has already stated

26  that CIPA 'permits the government to have the trial court examine

27  classified information in camera and ex parte and determine whether

28  it is necessary for the defense.'" (quoting <u>United States v. Smith</u>,

1    899 F.2d 564, 565 n.1 (6th Cir. 1990))); see also <u>Shih</u>, 2023 WL
2    4568337, at *13; <u>United States v. Abu-Jihaad</u>, 630 F.3d 102, 140 (2d
3    Cir. 2010); <u>Aref</u>, 533 F.3d at 81; <u>Yunis</u>, 867 F.2d at 622-23;
4    Sarkissian, 841 F.2d at 965.

5         A security clearance at a given level is not sufficient to
6    entitle any individual to access or receive national security
7    information classified at that level. Rather, in addition to
8    receiving a clearance after a favorable determination of eligibility
9    and execution of a non-disclosure agreement, an individual must have
10   a "need to know" the classified information at issue. <u>See</u> Exec.
11   Order 13526 § 4.1(a)(3). "Need to know" is defined as "a
12   determination within the executive branch . . . that a prospective
13   recipient requires access to specific classified information in order
14   to perform or assist in a lawful and authorized governmental
15   function." Id. § 6.1(dd). Accordingly, even if defense counsel hold
16   appropriate security clearances, it "does not mean that [they are]
17   entitled to access the government's classified filings." <u>Sedaghaty</u>,
18   728 F.3d at 909. "Defense counsel's security clearance becomes
19   relevant if and only if the court determines the [classified]
20   material should be disclosed." <u>Asgari</u>, 940 F.3d at 191.

21        Likewise, while the defendant may be entitled to notice when the
22   government initiates CIPA proceedings under Section 4 or 6, there is
23   "no due process right to receive a description of materials in the
24   government's possession that are not discoverable." <u>Sedaghaty</u>, 728
25   F.3d at 909 (citing <u>United States v. Mejia</u>, 448 F.3d 436, 458 (D.C.
26   Cir. 2006) (noting that, in the context of CIPA, as in other
27   discovery in criminal cases, the defendant is "not entitled to access
28   to any of the evidence reviewed by the court . . . to assist in his

argument' that it should be disclosed")).  Indeed, a district court considering a motion to withhold classified information "must first determine whether the material in dispute is discoverable."  Hanna, 661 F.3d at 295; see Sedaghaty, 728 F.3d at 904 ("[A] district court must first determine whether . . . the information at issue is discoverable at all.").  Only if the information is discoverable must the court then examine whether it is also relevant and helpful to the defense.  Sedaghaty, 728 F.3d at 904.  A defendant, however, may be permitted to file his own ex parte submission outlining his theory of the defense to aid the court in the review of any classified materials.  See id. at 906 n.10; see also Dkt. 87, Order Granting Government's In Camera, Ex Parte Motion in United States v. Abdul-Latif, CR11-0228JLR (W.D. Wash. 2012).

**F.   Section 5 - Procedures for Cases Involving Classified Information Possessed by a Defendant**

If a defendant reasonably expects to disclose or cause the disclosure of classified information, §§ 5 and 6 of CIPA apply.  See, e.g., Baptista-Rodriguez, 17 F.3d at 1363; Sarkissian, 841 F.2d at 965-66; United States v. Collins, 720 F.2d 1195, 1199-1200 (11th Cir. 1983).  Section 5 requires the defendant to provide timely written notice to the Court and the government describing any classified information that he reasonably expects to disclose.  See 18 U.S.C. App. 3, § 5(a).  Section 6 describes the procedures by which the Court shall, upon request by the United States, conduct a hearing to make determinations of use, relevance, or admissibility of classified information.  Id. at § 6.

Pursuant to § 5, notification must take place "within the time specified by the court, or where no time is specified, within thirty

days prior to trial." Id. at § 5.  Although the description of the classified information may be brief, it must inform[] "[t]he government . . . exactly to which documents [the defendant] was referring, and [to] what information was contained in them" that the defendant reasonably believes to be necessary to his defense.  United States v. Rewald, 889 F.2d at 855, amended, 902 F.2d 18 (9th Cir. 1990) (quoting United States v. Miller, 874 F.2d 1255, 1276 (9th Cir. 1989)); see also Collins, 720 F.2d at 1199.  The defendant must provide formal notice under § 5 even if the government believes or knows that the defendant may assert a defense involving classified information.  See United States v. Badia, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

Section 5 specifically prohibits a defendant from disclosing any classified information until such notice has been given, the government has had the opportunity to seek a determination pursuant to § 6, and any appeal by the government under § 7 has been decided or the time for filing an appeal has expired.  18 U.S.C. App. 3, § 5(a).  If the defendant fails to provide the requisite notice, then the Court may preclude disclosure of any classified information not made the subject of notification, and may prohibit the defendant from examining any witness with respect to such information.  Id. at § 5(b).

### G.  Section 6 - Pretrial Procedures Regarding the Admission of Classified Information

Section 6 describes the procedures by which the court shall, upon request by the United States, conduct a hearing to make determinations of use, relevance, or admissibility of classified information.  18 U.S.C. App. 3, § 6(a).  Following such a hearing and

12

1  formal findings of admissibility, the United States may move to

2  substitute an admission of relevant facts or summaries for the

3  classified information the court rules to be admissible.  18 U.S.C.

4  App. 3 § 6(c).  See, e.g., Baptista-Rodriguez, 17 F.3d at 1363;

5  Collins, 720 F.2d at 1197-99.

6          1.   Section 6(a) and (b) – Pretrial Hearing on Disclosure
              and Notice

7

8       CIPA Section 6 sets forth the steps that a court must take

9  concerning specific classified information that may be subject to

10 disclosure by either party at trial or in pretrial proceedings.  If

11 either the government or the defense seeks to introduce or cause

12 disclosure of classified information, the government may move to

13 protect that information.  First, Section 6(a) provides that upon

14 motion of the government, the court must hold a hearing "to make all

15 determinations concerning the use, relevance, or admissibility of

16 classified information that would otherwise be made during the trial

17 or pretrial proceeding."  18 U.S.C. App. 3 § 6(a).  The hearing is to

18 be held in camera if the Attorney General certifies that a public

19 proceeding may result in the disclosure of classified information.

20 Id.  If the government's Section 6(a) motion is filed before trial or

21 a pretrial proceeding, "the court shall rule [on the use, relevance,

22 or admissibility of the classified information at issue] prior to the

23 commencement of the relevant proceeding."  Id.

24      Section 6(b) requires that before any hearing is conducted under

25 Section 6(a), the government must notify the defendant of the hearing

26 and identify the classified information at issue.  If the information

27 was not previously made available to the defendant, the government

28 may, with the court's approval, provide a generic description of the

material to the defendant.  Thus, as Congress recognized in enacting CIPA, "the government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval."  S. Rep. No. 96-823, at 8, 1980 U.S.C.C.A.N. at 4301.

If the defense has indicated that it intends to seek to introduce into evidence classified information and the government seeks to protect that information from disclosure, a court at the Section 6(a) hearing hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.[1]  See Yunis, 867 F.2d at 622; United States v. Smith, 780 F.2d 1102, 1105-06 (4th Cir. 1985).  A court's inquiry does not end there, however, because under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial." Smith, 780 F.2d at 1106.  A court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading" such that it should be excluded under Rule 403.  Wilson, 750 F.2d at 9. At the conclusion of the Section 6(a) hearing, a court must state in writing the reasons for its determination as to each item of classified information.  18 U.S.C. App. 3 § 6(a).

---

[1] CIPA does not change the "generally applicable evidentiary rules of admissibility."  United States v. Wilson, 750 F.2d 7, 9 (2d Cir. 1984); accord Yunis, 867 F.2d at 623.  Rather, CIPA alters the timing of rulings concerning "use, relevance or admissibility" so as to require them to be made before trial.  United States v. Poindexter, 698 F. Supp. 316, 318 (D.D.C. 1988); see also United States v. Smith, 780 F.2d 1102, 1106 (4th Cir. 1985).

2.    <u>Section 6(c) and (d) – Alternative Procedure for</u>
<u>Disclosure of Classified Information</u>

If a court rules that one or more items of classified information that either party seeks to introduce as evidence are admissible, the government may propose a "substitution" for the classified information at issue.[2]  18 U.S.C. App. 3 § 6(c)(1). Specifically, if disclosure of the information is necessary, the United States may move the court to substitute for specific classified information a statement admitting relevant facts that the classified information would tend to prove, or to substitute for specific classified information a summary of that information. Section 6 authorizes substitutions for classified material in the form of "redactions and substitions so long as these alternatives do not deprive the defendant of a fair trial."  18 U.S.C. App. 3 § 6(c)(1)(A), (B); <u>see</u> <u>Abu Ali</u>, 528 F.3d at 255; <u>see also</u> <u>United States v. Giffen</u>, 473 F.3d 30, 33 (2d Cir. 2006); <u>Smith</u>, 780 F.2d at 1105.  A court must grant the motion for substitution if it finds that the admission or summary "will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information."  18 U.S.C. App. 3 § 6(c)(1).

Any hearing under Section 6(c) shall be held <u>in camera</u> at the request of the Attorney General.  18 U.S.C. App. 3 § 6(c)(1).  In connection with a hearing, the government may submit to the court an

---

[2] Substitutions and summaries are not the only means by which the government may seek judicial approval to protect classified information from public disclosure.  Additional measures, such as the "Silent Witness Rule," may be proposed to protect classified information from unauthorized public disclosure.  <u>See, e.g.</u>, <u>United States v. Mallory</u>, 40 F.4th 166, 174-78 (4th Cir. 2022).

1    affidavit of the Attorney General certifying that disclosure of

2    classified information would cause identifiable damage to national

3    security and explaining the basis for the classification of that

4    information.  A court must review that affidavit <u>in camera</u> and <u>ex</u>

5    <u>parte</u> if requested by the government.  18 U.S.C. App. 3 § 6(c)(2).

6    The court shall seal and preserve the record of any <u>in camera</u> hearing

7    at the close of which the court determines that classified

8    information may not be disclosed or elicited at trial or a pretrial

9    proceeding.  18 U.S.C. App. 3 § 6(d).

10              3.    <u>Section 6(e) – Prohibition on Disclosure and Relief</u>
                      <u>for Defense</u>

11

12         If the court determines that an item of classified information

13   is relevant and admissible, and denies the government's motion for

14   substitution under Section 6(c), the government may object to

15   disclosure of the classified information.  In such cases, the court

16   "shall order that the defendant not disclose or cause the disclosure

17   of such information."  18 U.S.C. App. 3 § 6(e)(1).  Section 6(e)(2)

18   sets forth a sliding scale of remedies that the court may impose in

19   such a case, to include dismissal of specific counts, finding against

20   the government on an issue to which the classified information

21   related, striking or precluding testimony of a witness, or dismissing

22   the indictment.  <u>See</u> 18 U.S.C. App. 3 § 6(e)(2); S. Rep. No. 96-823,

23   at 9, 1980 U.S.C.C.A.N. at 4302-03.  An order imposing any such

24   sanctions shall not take effect until the government has had the

25   opportunity to appeal the order under CIPA Section 7, and thereafter

26   withdraw its objection to disclosure.[3]  18 U.S.C. App. 3 § 7.

27   _____

28        [3] As noted above, if the court determines after an <u>in-camera</u>
     hearing that the classified information at issue may not be disclosed
                              *(footnote cont'd on next page)*

16

1              4.    Section 6(f) – Reciprocity

2         If the court determines under Section 6(a) that the defense may

3    disclose classified information in connection with a trial or

4    pretrial proceeding, the court shall order the government to provide

5    the defense with information it expects to use to rebut the

6    classified information, unless the interests of fairness do not so

7    require.  18 U.S.C. App. 3 § 6(f).  The court may place the

8    government under a continuing duty to disclose rebuttal information,

9    and if the government fails to comply, exclude the rebuttal evidence

10   and prohibit the government from examining any witness with respect

11   to such information.  Id.

12   **H.   Section 7 – CIPA's Interlocutory Appeal Framework**

13        Section 7 sets forth the United States' exclusive right to seek

14   an interlocutory appeal of a "decision or order authorizing the

15   disclosure of classified information, imposing sanctions for

16   nondisclosure of classified information, or refusing a protective

17   order sought by the United States to prevent the disclosure of

18   classified information."  18 U.S.C. App. 3, § 7(a).  The term

19   "disclosure" relates both to information which the court orders the

20   government to divulge to the defendant as well as to information

21   already possessed by the defendant which he or she intends to make

22   public.  The appeal can be taken before or during trial.  Id. at §

23   7(b).  "Prior to trial, an appeal shall be taken within fourteen days

24   after the decision or order appealed from and the trial shall not

25   commence until the appeal is resolved."  Id.  The trial must be

26

27   ───────────────

28   or elicited during the proceeding, the record of the hearing must be
     sealed and preserved for use in the event of an appeal.  18 U.S.C.
     App. 3 § 6(d).

adjourned until an appeal is resolved if the appeal is taken during trial.  Id.

**I.    Section 8 - Procedures Governing the Introduction of Classified Information at Pretrial Proceedings or Trial**

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status.  To prevent "unnecessary disclosure" of classified information, Section 8(b) permits the court to order admission into evidence of only a part of a writing, recording, or photograph, or the entirety of said items with all or part of the classified information contained therein excised, unless fairness requires that the entirety of the relevant item be considered.  Lastly, Section 8(c) provides a procedure to address issues presented by any question or line of inquiry that would require a witness to disclose classified information not previously deemed admissible.  If the government poses an objection to the examination, the court "shall take suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information," to include requiring a proffer from the government of the anticipated response and a proffer from the defendant of the information sought to be elicited.  18 U.S.C. App. 3, § 8(c).  In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where defense counsel does not realize that the answer to a given question will reveal

1  classified information.  See S. Rep. No. 96-823, at 11, reprinted in
2  1980 U.S.C.C.A.N. at 4304-05.

3      **J.   Section 9 — Security Procedures and Designation of a CISO**

4      Federal law explicitly provides that federal courts must have
5  security procedures for the handling of classified information.  See
6  18 U.S.C. App. 3, § 9.  Pursuant to Paragraph 2 of the Revised
7  Security Procedures Established Pursuant to Pub L. 96-456, 94 Stat.
8  2025, by the Chief Justice of the United States for the Protection of
9  Classified Information, courts may appoint a qualified individual to
10  be the Classified Information Security Officer ("CISO") in a case.
11  The United States anticipates that it may need to bring to the
12  Court's attention certain discovery issues or other matters relating
13  to classified material, and the CISO will assist the Court, Court
14  personnel, and the parties in the handling of any proceedings under
15  CIPA and implementing any related orders.  Specifically, the United
16  States requests that the Court designate W. Scooter Slade as the CISO
17  for this case, to perform the duties and responsibilities prescribed
18  for CISOs in the Security Procedures.  The United States further
19  requests that the Court designate the following persons as Alternate
20  CISOs, to serve in the event Mr. Slade is unavailable: Daniel O.
21  Hartenstine, Daniella M. Medel, Matthew W. Mullery, and Harry J.
22  Rucker.

23  **III. CONCLUSION**

24      Through this Notice, the government hereby provides the Court
25  and defendant notice of its intent to invoke CIPA in the instant
26  case.  Although the government is not moving for a pretrial
27  conference pursuant to § 2 of CIPA at this time, it may do so in the
28  future.  Further, the government requests that this Court issue the

proposed order filed concurrently with this motion designating a
Classified Information Security Officer in this case.