E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
ANNAMARTINE SALICK (Cal. Bar No. 309254)
CHRISTINE RO (Cal. Bar No. 285401)
SARAH GERDES (Cal. Bar No. 306015)
KATHRYNNE SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     Facsimile: (213) 894-0141
     E-mail:    annamartine.salick2@usdoj.gov
                christine.ro@usdoj.gov
                sarah.gerdes@usdoj.gov
                kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 23-372-RGK |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT WENHENG ZHAO |
| v. | |
| WENHENG ZHAO, aka "Thomas Zhao," | |
| Defendant. | |

1. This constitutes the plea agreement between WENHENG ZHAO ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and two of the indictment in United States v. Wenheng Zhao, CR No. 2:23-cr-00372-RGK, which charges defendant with Conspiracy, in violation of 18 U.S.C. § 371, and Receiving a Bribe by a Public Official, in violation of 18 U.S.C. § 201(b)(2)(C).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i. The defendant shall submit defendant's person and any property under defendant's control, including any residence, vehicle, papers, computer and other electronic communication or data storage devices and media, and effects, to suspicion-less search and seizure at any time of the day or night by any law enforcement or

probation officer, with or without a warrant, and with or without cause; and if stopped or questioned by a law enforcement officer for any reason, defendant shall notify that officer that defendant is on federal supervised release and subject to search.

3. Defendant further agrees:

a. To the entry as part of defendant's guilty plea of a personal money judgment of forfeiture against defendant in the amount of $14,866.76 which sum defendant admits was derived from proceeds traceable to the violations described in the factual basis of the plea agreement. Defendant understands that the money judgment of forfeiture is part of defendant's sentence, and is separate from any fines or restitution that may be imposed by the Court.

b. To the application of $14,866.76 in U.S. Currency seized from defendant on August 2, 2023, towards the satisfaction of the money judgment of forfeiture.

c. To deliver to the undersigned Assistant United States Attorney, within fourteen (14) calendar days of defendant's execution of this plea agreement, a notarized release in the form of Exhibit A, attached hereto, executed by Jianyu Ren, of her rights to contest the application of $14,866.76 in U.S. Currency seized from defendant on August 2, 2023, towards the satisfaction of the money judgment of forfeiture.

d. With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the

forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal and equitable defenses to the money judgment of forfeiture in any proceeding on any grounds including, without limitation, that the money judgment of forfeiture constitutes an excessive fine or punishment. Defendant acknowledges that entry of the money judgment of forfeiture is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

## THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

    a.   Not contest facts agreed to in this agreement.

    b.   Abide by all agreements regarding sentencing contained in this agreement.

    c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSES

5.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Conspiracy, in violation of Title 18, United States Code, Section 371, the following must be true: (1) there was an agreement between two or more persons to commit at least one crime as charged in the indictment, to wit: Receiving a Bribe by a Public Official; (2) defendant became a member

of the conspiracy knowing at least one of its objects and intending to help accomplish it; and (3) one of the members of the conspiracy performed one overt act on or after five years before the indictment for the purpose of carrying out the conspiracy.

6. Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Receiving a Bribe by a Public Official, in violation of Title 18, United States Code, Section 201(b)(2)(C), the following must be true: (1) defendant was a public official; (2) defendant received, accepted, and agreed to receive and accept something of value, namely Chinese Yuan Currency, in return for being induced to do or not to do an act in violation of defendant's official duty; and (3) defendant acted corruptly, that is, intending to be influenced to do or to omit to do an act in violation of the defendant's official duty.  A public official acts "corruptly" when he or she accepts or receives, or agrees to accept or receive, a thing of value, in return for being influenced with the intent that, in exchange for the thing of value, some act would be influenced.

## PENALTIES

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: five years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 201(b)(2)(C) is: 15 years imprisonment; a three-year

period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, or three times the monetary equivalent of the thing of value, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 20 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or

supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

13.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning in about August 2021 and continuing to at least May 2023, in Ventura and Los Angeles Counties, within the Central District of California, and elsewhere, defendant--an enlisted Petty Officer Second Class in the United States Navy and public official pursuant to 18 U.S.C. § 201(a)(1)--conspired with an intelligence officer ("Conspirator A") working on behalf of the People's Republic of China ("PRC"), to engage in a corrupt scheme whereby defendant collected and transmitted to Conspirator A sensitive U.S. military information in exchange for money and defendant did, in fact, engage in that scheme.

In connection with his military service, defendant swore an oath to faithfully discharge his duties as a Petty Officer in the United States Navy.  As part of his official duties, among other responsibilities, defendant was: (1) required to protect controlled unclassified information ("CUI") and information related to the United States Navy's operational security ("OPSEC"); (2) not allowed to disseminate to unauthorized individuals CUI and information related to the United States Navy's OPSEC; and (3) required to report suspicious incidents, including attempts by non-Navy personnel to elicit sensitive operational information.  Defendant also maintained a U.S. security clearance and was eligible to access material up to and including the SECRET level.

CUI is a distinct category of information that, while not classified, is subject to safeguarding procedures and dissemination controls.  Executive Order 13556 "establishes an open and uniform program for managing information that requires safeguarding or

1  dissemination controls" for CUI.  All U.S. Government agencies are
2  required to develop and implement protective measures, conduct
3  regular training, and establish sanctions and reporting requirements
4  for the misuse or disclosure of CUI.  32 C.F.R. § 2002.  The
5  Department of Defense ("DoD") implemented Executive Order 13556 via
6  DoD Instruction 5200.48, which mandates the requirements for marking,
7  handling, and disseminating CUI; implements reporting and training
8  requirements for DoD components; and addresses the misuse of CUI.
9      Conspirator A instructed defendant to collect and transmit to
10 Conspirator A sensitive, non-public information related to the
11 activities of the United States Navy, including sensitive operational
12 information.  Conspirator A offered and provided to defendant, and
13 defendant accepted and received from Conspirator A, money, in return
14 for violating his official duties as a Petty Officer.
15     Specifically, between approximately November 1, 2021 and
16 approximately March 28, 2023, defendant received at least 14 separate
17 bribes from Conspirator A, totaling at least approximately
18 $14,866.76.  Conspirator A transferred each payment to defendant
19 after defendant provided information to Conspirator A and/or
20 transmitted sensitive, non-public information to Conspirator A--
21 information defendant accessed as a result of his special position
22 within the United States Navy.
23     In return for money and other items of value, defendant: (1)
24 surreptitiously gathered CUI and other sensitive material related to
25 the United States Navy's OPSEC, including training and critical
26 infrastructure information; (2) transmitted and attempted to transmit
27 to Conspirator A OPSEC information and CUI documents in violation of
28 his duties as a Petty Officer; and (3) entered restricted military

and naval installations and took photographs and videos of United States Navy non-public and sensitive information and activities. Defendant was not authorized to disclose the sensitive U.S. military information to Conspirator A.

Among the items defendant collected and transmitted to Conspirator A were: (1) a photograph of a "Large Scale Exercise 2021 Pacific NCF CONOPS" diagram that was marked "CUI"; (2) twelve photographs of computer screens that displayed operational orders of military training exercises; and (3) five photographs of diagrams and blueprints outlining the electrical system in the "GATOR Storage" that housed the Ground/Air Task Oriented Radar systems located at a U.S. military base in Okinawa, Japan.  Each document was marked "UNCLASSIFIED//FOUO," indicating that it was For Official Use Only; and (4) on or about October 17, 2022, defendant ZHAO sent 16 files to Conspirator A, which consisted of PowerPoint, Word, and PDF files that contained United States Navy sensitive, CUI marked, and/or OPSEC information.

Such conduct violated defendant's duties and responsibilities as a Petty Officer, including the duty to protect sensitive, CUI marked, and OPSEC United States Navy documents and information.

Defendant and Conspirator A also used multiple internet-based encrypted methods to communicate and conceal their activities.  At Conspirator A's direction, defendant used covert means of transmitting information to Conspirator A and destroyed evidence of his communications and transmission of sensitive non-public information related to the activities of the United States Navy.

## SENTENCING FACTORS

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

15. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

   Base Offense Level:            14       U.S.S.G. § 2C1.1(a)(1)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

1    a.   The right to persist in a plea of not guilty.
2    b.   The right to a speedy and public trial by jury.
3    c.   The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.
4    d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.
5    e.   The right to confront and cross-examine witnesses against defendant.
6    f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.
7    g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.
8    h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF RETURN OF DIGITAL MEDIA

19. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the

12

government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## WAIVER OF APPEAL OF CONVICTION

20. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 63 months imprisonment, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $14,866.76; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing

13

1 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d);
2 suspicion-less search and seizure as detailed in paragraph 2 above;
3 and (f) and the waiver of return of digital media.

4     22.  The USAO agrees that, provided (a) all portions of the
5 sentence are at or below the statutory maximum specified above and
6 (b) the Court imposes a term of imprisonment of no less than 51
7 months imprisonment, the USAO gives up its right to appeal any
8 portion of the sentence, with the exception that the USAO reserves
9 the right to appeal the following: the amount of restitution ordered
10 if that amount is less than $14,866.76.

RESULT OF WITHDRAWAL OF GUILTY PLEA

12     23.  Defendant agrees that if, after entering guilty pleas
13 pursuant to this agreement, defendant seeks to withdraw and succeeds
14 in withdrawing defendant's guilty pleas on any basis other than a
15 claim and finding that entry into this plea agreement was
16 involuntary, then the USAO will be relieved of all of its obligations
17 under this agreement.

EFFECTIVE DATE OF AGREEMENT

19     24.  This agreement is effective upon signature and execution of
20 all required certifications by defendant, defendant's counsel, and an
21 Assistant United States Attorney.

BREACH OF AGREEMENT

23     25.  Defendant agrees that if defendant, at any time after the
24 signature of this agreement and execution of all required
25 certifications by defendant, defendant's counsel, and an Assistant
26 United States Attorney, knowingly violates or fails to perform any of
27 defendant's obligations under this agreement ("a breach"), the USAO
28 may declare this agreement breached. All of defendant's obligations

are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

26. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed

as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein and in the attached Exhibit and Addendum filed simulations with this agreement, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*Annamartine Salick*                            10/6/2023
ANNAMARTINE SALICK                              Date
CHRISTINE RO
SARAH GERDES
KATHRYNNE SEIDEN
Assistant United States Attorneys

/s/                                             10/4/23
WENHENG ZHAO                                    Date
Defendant

/s/                                             10/4/23
TAREK SHAWKY                                    Date
Attorney for Defendant
WENHENG ZHAO

17

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    10/4/23
WENHENG ZHAO                  Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am WENHENG ZHAO's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____   10/4/23
TAREK SHAWKY                 Date
Attorney for Defendant
WENHENG ZHAO